NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RONALD UTHE, *Petitioner/Appellant*,

*v.*

MINDY UTHE, *Respondent/Appellee*.

No. 1 CA-CV 16-0025 FC
FILED 12-1-2016

Appeal from the Superior Court in Maricopa County
No. FC2014-096220
The Honorable Peter A. Thompson, Judge

**AFFIRMED IN PART AND REMANDED IN PART**

COUNSEL

Ronald Uthe, Phoenix
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

**T H U M M A**, Judge:

¶1          Ronald Uthe (Father) appeals from a decree of dissolution
(Decree). Because the Decree did not allocate a 401(k) retirement account

held by Mindy Uthe (Mother), but in which the community holds an interest, the matter is remanded to make such an allocation. In all other respects, because Father has shown no error, the Decree is affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        Mother and Father were married from 2004 to 2014 and had two minor children. For the majority of the marriage, Father ran a successful business that earned approximately $100,000 per month. In 2012, Father was convicted of a federal firearms felony offense. As a consequence, Father lost the business and spent time in prison.

¶3        In November 2014, Father petitioned for dissolution of marriage. The court entered temporary orders requiring, as relevant here, that Mother pay Father $2,000 in attorneys' fees and $100 a month in child support. Father later filed a motion for contempt, claiming Mother failed to (1) comply with the temporary orders and (2) pay his attorneys' fees; the court denied the motion in the Decree. Father testified he spent most of this time living in his car or in a long-term stay hotel. Despite living in a car or hotel, and although the family house was significantly "under water," Father obtained a $175,000 loan to refinance the house. The record does not contain any information about sources of income or assets that would enable Father to obtain such a loan.

¶4        At an October 2015 evidentiary hearing, Mother and Father testified and presented exhibits and the court took the matter under advisement. The resulting 27-page Decree, entered in November 2015, awarded joint legal decision-making, with Mother having final decision-making authority; designated Mother as the primary residential parent, with Father having one day a week with the children and every other weekend; ordered Father to pay $200 a month in child support; denied Father's claim for spousal maintenance; divided community property and debts equally and awarded Mother attorneys' fees.

¶5        This court has jurisdiction over Father's timely appeal pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(1) (2016).[2]

---

[1] This court construes the facts in a light most favorable to affirming the Decree. *Cullum v. Cullum*, 215 Ariz. 352, 354 ¶ 9 (App. 2007).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

### I.      The Parties' Briefing On Appeal.

¶6         Father's appellate brief does not comply with this court's rules. *See* Ariz. R. Civ. App. P. (ARCAP) 13(a). In addition, although purporting to challenge the court's factual findings, Father failed to provide this court with the transcript from the evidentiary hearing. *See* ARCAP 11(c). "[W]here an incomplete record is presented to an appellate court, the missing portions of that record are to be presumed to support the action of the trial court." *Cullison v. City of Peoria*, 120 Ariz. 165, 168 n.2 (1978); *accord Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

¶7         Mother failed to file an answering brief, which can be treated as a confession of error. *See* ARCAP 15(a)(2); *Thompson v. Thompson*, 217 Ariz. 524, 526 ¶ 6 n.1 (App. 2008) (citing predecessor rule). Particularly because the best interests of children are addressed in the Decree, however, this court declines to treat Mother's failure to file an answering brief as a confession of error. *See Thompson*, 217 Ariz. at 526 ¶ 6 n.1.

### II.     Father Has Not Shown The Evidence Of Record Does Not Support The Decree Or That The Superior Court Erred In Weighing The Evidence Presented.

¶8         Most of Father's arguments are premised on the assertion that the Decree was not properly supported by the evidence. Father's two-page brief argues, for example, that the Decree improperly stated his "request for 50/50 custody was 'unreasonable;'" that the finding Father "has no respect for Mother as a parent and is very aggressive . . . is simply not true;" that the Decree "make[s] false accusations about [Father] every chance [it can] even tho[ugh] there was no evidence to support such accusations;" and that the Decree found Father "is not truthful and evades questions with feigned ignorance and misunderstanding," even though "[he] never misled the court ever." Father, however, failed to provide the transcript from the evidentiary hearing and that transcript is "presumed to support the action of the trial court." *Cullison*, 120 Ariz. at 168 n.2. Accordingly, on this record, Father's arguments premised on a lack of evidence supporting the Decree fail.

¶9         Father's arguments also ask that the trial evidence be reweighed on appeal, something this court will not do. *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009). "It is the function of the trial court to judge the credibility of the witnesses, and this court is bound by that determination." *Tucson Sch. Dist. No. 1 of Pima County v. Soder*, 7 Ariz. App.

244, 246 (1968). For this additional reason, Father's general fact-based arguments on appeal fail.

### III. Father Has Shown No Error In The Decree's Resolution Of Parenting Time, Child Support, Spousal Maintenance, Temporary Orders And Attorneys' Fees.

¶10　　　Father makes additional specific arguments regarding various aspects of the Decree. Although these arguments fail because Father failed to provide the trial transcript, they also fail for independent reasons.

¶11　　　For Father's arguments regarding parenting time (which he refers to as "custody"), this court reviews such a determination for an abuse of discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420 ¶ 7 (App. 2003). In deciding parenting time, the superior court is required to make determinations "in accordance with the best interests of the child." A.R.S. § 25-403(A). In accordance with statutory requirements, the Decree contains detailed factual findings addressing the statutory factors. The Decree also advised Father that parenting time could be reconsidered "once he has: (1) established a permanent residence appropriate for significantly increased over-night parenting time; (2) demonstrated successful participation in no less than 12 sessions of anger management classes and; (3) provided proof of successful completion of a high conflict parenting class." On this record, Father has not shown the parenting time determination was an abuse of discretion.

¶12　　　For Father's challenges to child support, this court reviews such a decision for an abuse of discretion. *See McNutt v. McNutt*, 203 Ariz. 28, 30 ¶ 6 (App. 2002). Father argues that the order to pay $200 a month in child support does not make "any sense" because he is an "unemployable disabled veteran." However, the Decree found Father had previously earned a large income with his business and worked as a chef after losing that business, both of which occurred long after Father was discharged from the military. And the Decree does not impute income to Father. Instead, the Decree uses Father's actual income that he provided in the child support worksheet, representing his military disability income to which no exemption is claimed or, from the record, applicable. Father has not shown the child support determination was an abuse of discretion.

¶13　　　Father argues he should have been awarded spousal maintenance, an issue this court reviews for an abuse of discretion. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 348 ¶ 14 (App. 1998). Father argues the court abused its discretion by not awarding him spousal maintenance and

alleges the court has made every decision "not to be in [his] best interest." Father adds that the court went "against the legal standards" by finding he did not establish a statutory basis for spousal maintenance. The Decree sets forth detailed findings of fact in concluding Father was not entitled to an award of spousal maintenance. Among other things, the court found Father was responsible for the family's financial problems; that Mother was having her pay garnished as "a direct result of Father's criminal conviction" and, importantly, that the court was "not convinced that Father does not have the ability to provide for himself." Father has not shown the denial of his spousal maintenance request was an abuse of discretion.

¶14 Father next argues error in how the Decree addressed temporary orders and attorneys' fees, issues this court reviews for an abuse of discretion. *Magee v. Magee*, 206 Ariz. 589, 590 ¶ 6 (App. 2004). Father argues an abuse of discretion by (1) refusing to enforce a temporary order for Mother to pay Father's attorneys' fees and (2) ordering Father to pay Mother's attorneys' fees. As stated by the superior court in this case, temporary orders "are not permanent and are based upon limited information." And the superior court "retain[ed] its authority to modify" temporary orders, including in the Decree. *Maximov v. Maximov*, 220 Ariz. 299, 301 ¶ 7 (App. 2009). The evidence presented at the October 2015 hearing convinced the superior court that enforcing the temporary order for Mother to pay Father's attorneys' fees would be "unfair and inequitable." Father has not shown how this finding was in error. And in ordering Father to pay Mother's attorneys' fees, the court has discretion to award fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324. Father has not shown that it was an abuse of discretion for the court to find that Father's positions throughout trial were unreasonable and that Mother was entitled to attorneys' fees and, in doing so, deviating from the temporary order.

## IV. Remand Is Required For Division Of The 401(k) Retirement Account Held By Mother.

¶15 Father asserts the Decree left any orders for splitting the 401(k) "undone." From the limited record provided, there also appears to be some confusion about whether this account is a 401(k) account or a pension account. As Father suggests, due to an apparent oversight, the Decree does not specify how the 401(k) (or pension account) is to be divided. Accordingly, in this limited respect, this matter is remanded for the superior court to determine the true nature of the account in question and to specify how the account is to be divided.

## CONCLUSION

**¶16**      Father's request for attorneys' fees on appeal pursuant to A.R.S. § 25-324 is denied. Because the Decree did not include an award for a 401(k) retirement account held by Mother, but in which the community holds an interest, the matter is remanded to make such an allocation. In all other respects, because Father has shown no error, the Decree is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA