NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Marriage of:

GLORIA HERRERA, *Petitioner/Appellant,*

*v.*

JORGE RIVERO, *Respondent/Appellee.*

No. 1 CA-CV 17-0236 FC
FILED 3-22-2018

Appeal from the Superior Court in Maricopa County
No. FC2014-051148
No. FC2015-071081
(Consolidated)
The Honorable Roy C. Whitehead, Judge

**AFFIRMED**

COUNSEL

Saldivar & Associates PLLC, Phoenix
By Jose A. Saldivar, Kristian M. Morales
*Counsel for Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maria Elena Cruz joined.

---

**P O R T L E Y**, Judge:

**¶1** Gloria Herrera (Mother) appeals the family court's division of property in the decree dissolving her marriage to Jorge Rivero (Father). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Mother filed a petition for dissolution of marriage in November 2015, requesting, as relevant on appeal, "50% of the profit from the sale of the business LOS OLIVOS CARNICERIA." The parties resolved many issues prior to trial under Ariz. R. Fam. Law P. (Rule) 69, but did not agree on the issue of "[p]rofits from sale/profits from two community businesses." Then before trial, Mother filed her pretrial statement, which again requested 50% of the profit from the sale of Los Olivos Carniceria. Father did not file a pretrial statement, and neither party submitted any exhibits.

**¶3** At the start of trial, the family court listed parenting time, spousal maintenance, and retirement accounts as "the only issue[s] for me to address [today]." Mother did not object to the court's characterization of the issue, nor ask to present evidence about the division of the community property.

**¶4** In connection with her spousal maintenance claim, Mother testified that the parties "had another business, a butcher shop." Father testified the parties filed for bankruptcy three years earlier and "lost

---

[1] The Honorable Maurice Portley, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

everything," including, presumably, "the meat market."[2]   Mother explained that Father "sold the store . . . without me knowing about it" and accused Father of "hiding the money."  The court asked Mother if she had "any bank accounts or anything that would show me that?" Mother answered, "Not in his name, no, because he put the money into his brothers' names."

**¶5**        After trial, the court entered a decree, which dissolved the marriage, and, as relevant to this appeal, awarded Mother $500 a month spousal maintenance for 24 months.  The court also found that (i) Mother offered no evidence to support her claim that Father was "hiding money" and (ii) Father disputed the allegation, *see* Arizona Revised Statutes (A.R.S.) section 25-319(B)(11), but further found that Father was "not credible" because he failed to provide an affidavit of financial information or documentation supporting his income or expenses.  Mother filed a timely appeal,[3] and we have jurisdiction pursuant to A.R.S. section 12-2101(A)(1).

## DISCUSSION

**¶6**        We view the evidence in the light most favorable to upholding the decree. *In re Marriage of Foster,* 240 Ariz. 99, 100, ¶ 2 (App. 2016). We will uphold the family court's factual findings unless they are clearly erroneous or unsupported by any credible evidence, but we draw our own legal conclusions from the facts. *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010). We do not reweigh conflicting evidence on appeal and defer to the court's determinations regarding witness credibility and the weight to give the evidence. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).

---

[2]      Father did not produce the bankruptcy pleadings or any discharge in bankruptcy, or even the case number.

[3]      Father did not file an answering brief. Although we may regard this as a confession of error, we exercise discretion to address the merits of the appeal. *See, e.g., Thompson v. Thompson*, 217 Ariz. 524, 526 n.1, ¶ 6 (App. 2008).

### A. Compliance with Family Law Rules

**¶7** Initially, Mother challenges Father's compliance with Rule 49(E)(6), positing that he "clearly avoided" the disclosure rules and withheld information about his finances "to conceal the sale of the business" (*i.e.*, the butcher shop).[4] She, however, did not file a motion to compel, *see* Ariz. R. Fam. Law P. 65 (failure to make disclosure or discovery; sanctions), or otherwise raise the issue to the family court before trial. Accordingly, because she did not raise the issue to the court before trial, she waived the argument by failing to object when the family court could have corrected the error. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994).

**¶8** Mother also now points out that Father failed to file a pretrial statement as required by Rule 76(C).[5] She did not raise the issue with the family court or seek a sanction for Father's failure. Again, she waived the issue for appeal. *See, e.g., Medlin v. Medlin*, 194 Ariz. 306, 308, ¶ 6 (App. 1999) (citing *Conant v. Whitney*, 190 Ariz. 290, 293 (App. 1997)).

### B. Division of Community Property

**¶9** Mother next argues the family court erred by failing to equitably divide the profit from the sale of the butcher shop. We disagree.

**¶10** The family court is obligated to "equitably divide clearly identified community property" -- specifically, when one or both parties list the asset in a pretrial statement, exhibits are admitted, and testimony regarding the asset is given at trial. *Nold v. Nold*, 232 Ariz. 270, 274, ¶ 20 (App. 2013); *see* A.R.S. § 25-318(A). We review the court's allocation of community property for an abuse of discretion. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007). A court abuses its discretion if the record

---

[4] Rule 49(E)(6) provides for disclosure of certain business documents, including "copies of all business tax returns, balance sheets, profit and loss statements, and all documents and all electronically stored information that may assist in identifying or valuing any business or business interest for the last two (2) completed calendar or fiscal years," and related information.

[5] If a party fails to comply with Rule 76, the family court "shall, except upon a showing of good cause, make such orders with regard to such conduct as are just, including . . . an order refusing to allow the disobedient party to support or oppose designated claims." Ariz. R. Fam. Law P. 76(D)(1).

lacks competent evidence to support its decision, *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999), or if the court "commits an error of law in the process of exercising its discretion." *Fuentes v. Fuentes*, 209 Ariz. 51, 56, ¶ 23 (App. 2004).

**¶11**　　　In her pretrial statement, Mother requested her share of the profit from the sale of the butcher shop, but she did not bring the issue to the family court's attention at trial, nor offer any evidence regarding the asset, or its sale. *Cf. Kelsey v. Kelsey*, 186 Ariz. 49, 51 (App. 1996) (explaining that "[t]he valuation of assets is a factual determination"). Additionally, although she contends the court improperly excluded evidence, for example, a termination of the lease agreement and a bill of sale, the record does not support her contention.[6] The trial transcript does not demonstrate that she attempted to mark the documents, requested the documents be admitted, or that the court excluded the marked documents.

**¶12**　　　Moreover, Mother did not make a prima facie showing of waste.[7] *See Gutierrez*, 193 Ariz. at 346, ¶ 7 (explaining that the party asserting waste must make a prima facie showing of such expenditures). Although Mother contends she can present "overwhelming evidence" on remand, we limit our review to the record before the family court at the time of its ruling. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990). Based on the trial record, we cannot say the court abused its discretion in allocating the community property. *See Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005).

---

[6]　　　We note that Mother's opening brief does not contain a citation to the record on this point. *See* Ariz. R. Civ. App. P. 13(a)(7) (the opening brief must set forth an "argument" that includes references to the record concerning the issue presented for review).

[7]　　　The term "waste" is used to describe excessive or abnormal expenditures from, and the concealment or fraudulent disposition of, community property, which must be accounted for when making an equitable distribution. *See Gutierrez*, 193 Ariz. at 346, ¶ 6 (citing A.R.S. § 25–318(A) (recodified as A.R.S. § 25–318(C)), *Martin v. Martin*, 156 Ariz. 452, 458 (1988), and *Hrudka v. Hrudka*, 186 Ariz. 84, 93 (App. 1995), *superseded in part by statute on other grounds as recognized in Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 8 (App. 2014)).

**¶13** Finally, Mother requests an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324. In the exercise of our discretion, we deny her request.

## CONCLUSION

**¶14** Based on the foregoing, we affirm the decree.

