NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ANNETTE RAVEN LITE, *Petitioner/Appellee,*

*v.*

JEFFERY DAVID LITE, *Respondent/Appellant.*

No. 1 CA-CV 17-0680 FC
FILED 7-26-18

---

Appeal from the Superior Court in Mohave County
No. DO-2017-00768
The Honorable Billy K. Sipe, Jr., Judge Pro Tem

**AFFIRMED IN PART; VACATED IN PART**

---

COUNSEL

Grynkewich Law Offices, Kingman
By Gary S. Grynkewich
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Michael J. Brown joined.

---

**T H O M P S O N**, Judge:

¶1 Jeffery David Lite (Jeffery) appeals from the superior court's entry of a one-year order of protection filed against him by his then-wife, Annette Raven Lite, for domestic violence, specifically, disorderly conduct. We agree that the order of protection was overly broad, and, thus, vacate in part and affirm in part.

¶2 Annette Raven Lite (Annette) filed a petition for an ex parte order of protection against her then-husband, Jeffery, after an argument in October 2017 at their mutual home in Golden Valley, Arizona. The issued order of protection covered their home, Annette's work at Riverside Resort in Laughlin, Nevada, and an unnamed-daughter's school in Boulder City, Nevada. Jeffery sought an evidentiary hearing and both parties appeared in their own behalf.

¶3 Both Jeffery and Annette's testimony agreed on the following facts: the incident occurred in their mutual home, Jeffery yelled and called Annette vulgar names, and he followed her around the house. Annette additionally asserts he used his body to block her movements and was acting aggressively. Annette filmed part of the incident on her phone. The couple was in the process of dissolving their marriage and there was a dispute over $500 she had taken from his bag. Jeffery asserted it was needed for a client and asked her to return at least half of it. She refused and called the police. The police arrived, found no evidence of physical assault, and neither party was charged. Jeffery was allowed, under police supervision, to remove certain belongings from the house.

¶4 No evidence was offered to explain why an order of protection was necessary as to Annette's workplace or her daughter's school. She offered no testimony, at all, related to those locations. There was no evidence related to her daughter – including daughter's age, name, or where she lives – and no order of protection was filed as to any minor. No other witnesses were called.

¶5 The trial court affirmed the order of protection, finding Jeffery committed disorderly conduct. Jeffery filed a timely appeal. Annette has failed to file an answering brief. Although we could regard her failure as a confession of error, in our discretion, we decline to do so. *See* ARCAP 15(a)(2); *Thompson v. Thompson*, 217 Ariz. 524, 526 n.1, ¶ 6 (App. 2008).

¶6 Jeffery contends the court erred by continuing the order of protection, in whole or in part. An order of protection issued following an

evidentiary hearing is reviewed for an abuse of discretion. *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014) (affirming an order of protection for harassment via electronic means). We review the "evidence and reasonable inferences therefrom in the light most favorable to upholding the jury's verdict." *See Acuna v. Kroack*, 212 Ariz. 104, 106, ¶ 3 (App. 2006). Legal issues are reviewed de novo. *Michaelson*, 234 Ariz. at 544, ¶ 5 (citation omitted).

¶7        On the filing of a verified petition under Arizona Revised Statutes (A.R.S.) § 13–3602(B)(2018), the court may issue an order of protection when it finds there is reasonable cause to believe a "defendant may commit an act of domestic violence" or "has committed an act of domestic violence within the past year." A.R.S. § 13–3602(E) (2018).[1] After the issuance of an ex parte protective order, a hearing shall be held upon the defendant's request. A.R.S. § 13–3602(I).   The term "domestic violence" is defined by statute and includes a wide array of criminal acts including verbal harassment. *See* A.R.S. § 13–3601(A) (2018), *Michaelson*, 234 Ariz. at 544, ¶ 6 (citations omitted).

¶8        In the instant case, Jeffery admits to the behavior underpinning the disorderly conduct finding.  Given that testimony, we cannot say the court abused its discretion in granting the order of protection. *See* A.R.S. §§ 13–3602.  For that reason, the order of protection is affirmed as to their prior mutual home.

¶9        We find no error associated with the court's manner of affirming the order.  The court stated on the record that Jeffery had committed disorderly conduct by disturbing Annette's peace on October 10, 2017.  It said, "If you raise your voice at your spouse, if you call your spouse names and it is [sic] disturbs her peace and quiet as she testified it did, that is disorderly conduct."  The court further said, "I could probably easily make a finding that domestic violence is likely to occur because clearly there's hostilities between you guys because of the fracture in your relationship which is fairly common."

¶10        Both orders were standardized forms used by the court and Jeffery clearly understood the basis for the hearing he requested. He understood the behavior at issue. We disagree with Jeffery that the orders were required to specify which of the enumerated and various methods of committing domestic violence he allegedly committed.  The case cited,

---

[1] We cite to the current version of the applicable statute absent any changes material to this decision.

*Savord v. Morton*, 235 Ariz. 256, 259, ¶ 11 (App. 2014), does not support this conclusion. In *Savord*, we reversed an order of protection after finding that defendant had not committed any of the enumerated offenses. *Id.* In other words, the error in *Savord* was not a failure by the court to specify the offense, but rather that the defendant failed to commit an offense. *Id.* at ¶¶ 11-12. Nor do we find, as Jeffery has argued, that the language of the disorderly conduct statute is too vague to give anyone notice of what behavior might be included.

¶11 There, however, is no basis to support an order of protection as to Annette's work or the daughter's school in Nevada. This is not a situation, as in *Michaelson*, where the defendant pretended to be an attorney to gain access to her work schedule or sent her threatening messages about her safety at work. 234 Ariz. at 544-45, ¶ 7. We therefore vacate the order of protection as to those two locations as an abuse of discretion. Because we vacate those provisions of the order, we need not address whether the court exceeded its territorial jurisdiction by imposing an order which applied prospectively in another state.

¶12 The one-year order of protection as to the marital home is affirmed. The other provisions are vacated.

