NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KYLE VAN SELOW, *Petitioner/Appellee,*

*v.*

TIFFANY SMITH, *Respondent/Appellant.*

No. 1 CA-CV 18-0599 FC
FILED 8-22-2019

Appeal from the Superior Court in Maricopa County
No. FC2017-071716
The Honorable Lisa Ann VandenBerg, Judge

**AFFIRMED**

COUNSEL

Tiffany Smith, Maricopa
*Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Kent E. Cattani and Judge Maria Elena Cruz joined.

_____

**J O N E S**, Judge:

¶1          Tiffany Smith (Mother) appeals the family court's order regarding legal decision-making and parenting time of two minor children (the Children).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In April 2017, Kyle Van Selow (Father) petitioned the family court to establish legal decision-making, parenting time, and child support for the Children, then ages two and four.  After the parties stipulated to paternity, the court directed both parents to participate in random drug testing and appointed a best-interests attorney.  In May, the court entered temporary orders awarding the parties joint legal decision-making and requiring Mother's parenting time be supervised.

¶3          At trial in August 2018, Father presented evidence that he had tested clean for substances throughout the proceedings, completed a drug abuse assessment program, and was providing the Children with a safe stable home.  Additionally, although several prior Department of Child Safety (DCS) investigations had been closed as unsubstantiated, a recent report that the Children were sexually abused while in Mother's care was under investigation.  Mother acknowledged she initially tested positive for methamphetamine and amphetamine but claimed she had attended substance abuse treatment and maintained sobriety since then.  She did not submit any documentation to support this assertion and admitted she stopped testing altogether in August 2017.

¶4          After taking the matter under advisement, the family court found joint legal decision-making was not appropriate given Mother's non-compliance with court orders to participate in drug testing, and her lack of stability and commitment to exercising her parenting time.  The court entered an order awarding Father sole legal decision-making and continued supervised parenting time for Mother.  Mother timely appealed,

and we have jurisdiction pursuant to Arizona Revised Statutes §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶5**        Mother argues the family court abused its discretion by failing to obtain and review documents from DCS and failing to consider Mother's testimony that she had maintained sobriety and completed a drug and alcohol assessment.[1]  Ordinarily, we would review the introduction and evaluation of evidence for an abuse of discretion.  *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cnty.*, 208 Ariz. 532, 543, ¶ 33 (App. 2004) (citing *Yauch v. S. Pac. Transp. Co.*, 198 Ariz. 394, 399, ¶ 10 (App. 2000)).  But, although Mother states that the DCS records Father submitted were incomplete and should have included reports evidencing her sobriety, she does not assert that she was prevented from proffering documents on her own or that the court rejected documents or evidence that she submitted.  Moreover, the record and the court's order reflect that the court received evidence regarding the DCS investigations as well as Mother's testimony regarding her sobriety.  To the extent the court believed the evidence was relevant and competent, we presume it was considered.  *See May v. Sexton*, 68 Ariz. 358, 360 (1949).  Accordingly, Mother fails to prove any error.

## CONCLUSION

**¶6**        The family court's orders are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]        Father did not file an answering brief.  Although we could regard this failure as a confession of error, *see* ARCAP 15(a)(2); *Thompson v. Thompson*, 217 Ariz. 524, 526, ¶ 6 n.1 (App. 2008), in our discretion, we decline to do so, *see Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).