NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ANTHONIE RUINARD, JR., *Petitioner/Appellee,*

*v.*

LYNICIA C. SCROGGINS, *Respondent/Appellant.*

No. 1 CA-CV 20-0546 FC
FILED 6-22-2021

Appeal from the Superior Court in Maricopa County
No. FC2019-098325
FC2020-000993
The Honorable Adele Ponce, Judge

**AFFIRMED**

COUNSEL

Lynicia C. Scroggins, Phoenix
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

**W I N T H R O P**, Judge:

**¶1**          Lynicia C. Scroggins ("Mother") appeals the superior court's decisions to (1) adopt as an order of the court an agreement she and Anthonie Ruinard, Jr. ("Father") entered pursuant to Arizona Rule of Family Law Procedure ("Rule") 69, (2) deny her petition to set aside or modify that agreement, and (3) incorporate the order adopting the agreement into the parties' dissolution decree.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**[1]

**¶2**          In February 2019, the parties were married in Phoenix.  They have one minor child in common, born in June 2018.[2]

**¶3**          Each party accused the other of infidelity, and on July 27, 2019, between approximately midnight and 2:00 a.m., they both engaged in a verbal altercation that spilled from their residence onto the front yard and down the street.  Chandler police officers arrested Mother and charged her with disorderly conduct, a domestic violence offense.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-2904(A)(1), -3601(A)(1)-(2), (6).

**¶4**          In December 2019, Father filed a *pro se* petition for dissolution of the parties' marriage.[3]  Father alleged Mother had committed domestic violence, stating "she's still in court for it," and also claimed Mother had "left [the parties' child] in the car several times, and she's constantly leaving the kids at home by themselves."  Father requested the court award him sole legal decision-making and physical custody of the child, with Mother receiving supervised parenting time.  Father also sought child support.

**¶5**          In March 2020, the parties entered an agreement pursuant to Rule 69, Ariz. R. Fam. Law P.  The parties agreed the child would reside with Father, who would have sole legal decision-making authority.  Mother would receive parenting time every other Friday for up to four hours.  The

---

[1]      We view the facts and reasonable inferences therefrom in the light most favorable to sustaining the superior court's rulings.  *Day v. Day*, 20 Ariz. App. 472, 473 (1973).

[2]      Both parties have children from other relationships.

[3]      Both parties have represented themselves throughout the proceedings.

parties also agreed Mother would not be responsible for any child support, and Father would be responsible for the child's medical, dental, and vision care insurance and any additional non-covered child-care expenses.

¶6        Three days later, on March 16, 2020, Mother filed a document entitled "Custody," in which she stated she had only entered the Rule 69 agreement to remove an "untrueful [sic] order of protection off the minor [child]," and "to avoid other legal issues."  Mother acknowledged she had a "criminal background" and domestic violence issues, but she claimed Father had lied about her in court and was using "a false order of protection to control me [from] being able to see my daughter."  Mother requested "joint custody or sole legal decision making."

¶7        Later that day, both Mother and Father appeared at a resolution management conference.  After discussion, issues related to the protective order were resolved and, after each party provided sworn testimony, the superior court found the terms of the Rule 69 agreement "appropriate" and adopted the stipulated agreement as an order of the court.

¶8        Two days later, Mother petitioned to "cancel/modify" the parties' Rule 69 agreement.  The superior court denied Mother's motion, noting she had provided "no grounds for doing so, except to state that she wishe[d] for a different arrangement," failed to complete the parenting class required by statute to file a petition to modify, *see* A.R.S. § 25-352, and had not satisfied the grounds necessary for filing a motion to modify a legal decision-making or parenting time decree earlier than one year after its adoption date, *see* A.R.S. § 25-411.  Before trial, Mother continued to seek to set aside or modify the parties' Rule 69 agreement.

¶9        In August 2020, the superior court held an evidentiary hearing on the divorce petition, then entered a decree of dissolution.  As part of the decree, the court approved and adopted the parties' Rule 69 agreement, while denying Mother's petition to modify or set aside the agreement:

        The parties previously entered a Rule 69 agreement concerning legal decision making, parenting time and child support, that was adopted by the Court on March 16, 2020.  Before the March 16, 2020, hearing began, there was an order of protection in place precluding Mother from having any contact with the parties' child.  The order had been upheld after a hearing.  The parties agreed to have the Court adopt

3

the [R]ule 69 agreement and modify the order of protection to permit Mother to have contact with the child. The Rule 69 agreement was clearly described as a final order. A final hearing was set on the petition for dissolution. In the meantime, Mother filed a petition to modify, seeking to set aside the Rule 69 agreement, stating the agreement had been prepared by a paralegal rather than an attorney, and that it was not in the best interest of the child.

At the final hearing, the parties agreed they had no property, debt or other issues to resolve. Mother, however, was still seeking to set aside the Rule 69 agreement. The Court heard evidence presented by Mother on this issue. Mother testified that she had been manipulated into signing the Rule 69 agreement, and that she did so under duress in order to have the order of protection removed. Mother also claimed generally that the agreement contains misrepresentation and fraud. Other than to state that the agreement had been prepared by a paralegal rather than an attorney, Mother did not specify any misrepresentation related to the Rule 69 agreement. Mother also testified at length that Father did not have custody of [] his other children pursuant to other Court orders in different cases. Mother claimed that the agreement, which allows Mother supervised parenting time--was not in the child's best interest because it limited the child's time with Mother.

The Court finds that Mother has not met her burden to set aside the Rule 69 agreement. The circumstances described by Mother do not constitute duress, fraud, or misrepresentation that would warrant setting aside the Rule 69 agreement. In addition, to the extent her request to set aside the [R]ule 69 agreement could be considered a petition to modify, pursuant to A.R.S. [§] 25-411, "[a] person shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health." It has been less than one year since the Court entered its order. Mother does not allege and has not presented evidence to support any claim that the child's present environment may seriously endanger her physical,

mental[,] moral or emotional health. Mother's petition to modify (and set aside) the Rule 69 agreement is denied.

¶10        We have jurisdiction over Mother's timely appeal pursuant to A.R.S. § 12-2101(A)(1).

**ANALYSIS**

¶11        Mother argues the superior court erred in adopting the parties' Rule 69 agreement as an order of the court, denying her petition to set aside or modify the agreement, and incorporating that order into the parties' dissolution decree. Father has not filed an answering brief, which can be construed as a concession of error; in our discretion, however, we choose to address the merits of the appeal. *See Thompson v. Thompson*, 217 Ariz. 524, 526, ¶ 6 n.1 (App. 2008). Accordingly, we address Mother's appeal.

¶12        We will affirm if substantial evidence supports the court's decision, *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009), and will not substitute our opinion for that of the superior court unless there has been a clear abuse of discretion, *Deatherage v. Deatherage*, 140 Ariz. 317, 319 (App. 1984). Further, we will not set aside findings of fact unless they are clearly erroneous. Ariz. R. Fam. Law P. 82(a)(5). We defer to the superior court's credibility determinations, and to the extent the court based its rulings on the weight it gave conflicting evidence, we defer to the court's judgment. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13 (App. 1998); Ariz. R. Fam. Law P. 82(a)(5).

¶13        Mother has failed to provide transcripts of the March 16, 2020, resolution management conference and the August 20, 2020, evidentiary hearing on the divorce petition. As the appellant, Mother had the obligation to timely provide this court with any transcripts necessary to the resolution of this appeal. *See* ARCAP 11(c). We assume any missing portions of the record support the superior court's findings and conclusions. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

¶14        Much as she did in the superior court, Mother argues the parties' Rule 69 agreement is not in the child's best interest, the agreement "contains fraud, duress and misrepresentation," and Father "forced and manipulated" her to sign the document. She further claims Father has been married five times, has a history of domestic violence involving his ex-wives, and does not have sole legal decision-making authority over any of his other children. Mother fails to reference any supporting documentation or provide even a single citation to the record in support of her claims,

5

however, and her brief fails to comply with Rule 13, ARCAP. *See* ARCAP 13(a)(5), (7). More importantly, although a few of the exhibits admitted into evidence at the August 2020 evidentiary hearing provide some support for Mother's claims regarding Father's history with his ex-wives and children, Mother does not specify the fraud, duress, misrepresentation, force, or manipulation to which she refers, and the record is clear the superior court considered and rejected her arguments in this regard.

¶15      Additionally, we cannot determine whether the superior court has improperly precluded or failed to consider any evidence Mother may have presented supporting her allegations without the transcripts. To the extent Mother questions whether the superior court failed to consider any evidence, we assume the court considered all relevant information presented to it. *See Aguirre v. Robert Forrest, P.A.*, 186 Ariz. 393, 397 (App. 1996). Given Mother's conclusory arguments, the dearth of supporting documentation, and the lack of any transcripts, we find no abuse of the superior court's considerable discretion. *See Baker*, 183 Ariz. at 73; *State v. Lindner*, 227 Ariz. 69, 70, ¶ 3 n.1 (App. 2010) (recognizing an appellate court will not address undeveloped arguments); *Romero v. Sw. Ambulance & Rural/Metro Corp.*, 211 Ariz. 200, 203, ¶ 4 (App. 2005) (holding unsupported arguments without the relevant transcripts are insufficient for this court to meaningfully review the superior court's rulings or overcome the presumption that those rulings are supported by the record); *see also Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 191, 193 (App. 1992) (stating a judgment is presumed correct, and the appellant bears the burden to show otherwise).

## CONCLUSION

¶16      We affirm the superior court's decisions to (1) adopt the parties' Rule 69 agreement as an order of the court, (2) deny Mother's petition to set aside or modify that agreement, and (3) incorporate the order adopting the agreement into the parties' dissolution decree.

