IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CHRISTOPHER HUSTRULID, *Petitioner/Appellant*,

*v.*

NICOLE STAKEBAKE, *Respondent/Appellee*.

No. 1 CA-CV 21-0073 FC
FILED 8-4-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-051644
The Honorable Dawn M. Bergin, Judge (Retired)

**SPECIAL ACTION JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

State 48 Law Firm, Scottsdale
By Robert Hendricks, D. Ladd Gustafson, Stephen Vincent
*Counsel for Petitioner/Appellant*

Burch & Cracchiolo PA, Phoenix
By Laura J. Meyer
*Counsel for Respondent/Appellee*

_____

## OPINION

Judge Michael J. Brown delivered the opinion of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

_____

**B R O W N**, Judge:

¶1        Christopher Hustrulid appeals the superior court's dismissal of his petition seeking third-party rights under A.R.S. § 25-409, including joint legal decision-making, for his two minor children whom his sister adopted after his parental rights were terminated. We lack jurisdiction over Hustrulid's appeal, but in our discretion, we treat it as a special action. Because a court cannot grant third-party *joint* legal decision-making, and given the need for clarification of other legal principles relating to § 25-409, we accept jurisdiction and deny relief.

## BACKGROUND

¶2        Hustrulid and Gloria Mears are the biological parents of two minor children. Mears occasionally lived with Hustrulid and the children until 2013. Hustrulid was the children's primary parent until 2016, when he was convicted of a drug-related felony and sentenced to prison for three years. The parental rights of Hustrulid and Mears were terminated, and Hustrulid's sister, Nicole Stakebake ("Mother"), adopted them in March 2019.

¶3        Hustrulid had limited contact with the children during his incarceration. Upon his release in 2019, he spent time with them, but the parties dispute whether the visits were unsupervised. According to Hustrulid, in March 2020, "after nearly a year of consistent visitations and bonding," Mother cut off all communication between him and the children with no "explanation, justification, or warning." He then petitioned for third-party joint legal decision-making and placement under § 25-409(A), and alternatively requested third-party visitation under § 25-409(C).

¶4        Section 25-409 states in relevant part:

A. [A] person other than a legal parent may petition the superior court for legal decision-making authority or placement of the child. The court shall summarily deny a

petition unless it finds that the petitioner's initial pleading *establishes that all of the following are true*:

1. The person filing the petition stands in loco parentis to the child.

2. It would be significantly detrimental to the child to remain or be placed in the care of either legal parent who wishes to keep or acquire legal decision-making.

3. A court of competent jurisdiction has not entered or approved an order concerning legal decision-making or parenting time within one year before the person filed a petition pursuant to this section, unless there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health.

4. One of the following applies:

(a) One of the legal parents is deceased.

(b) The child's legal parents are not married to each other at the time the petition is filed.

(c) A proceeding for dissolution of marriage or for legal separation of the legal parents is pending at the time the petition is filed.

B. Notwithstanding subsection A of this section, it is a rebuttable presumption that awarding legal decision-making to a legal parent serves the child's best interests because of the physical, psychological and emotional needs of the child to be reared by a legal parent. A third party may rebut this presumption only with proof showing by clear and convincing evidence that awarding legal decision-making to a legal parent is not consistent with the child's best interests.

(Emphasis added.)

¶5        Mother moved to dismiss, asserting that because Hustrulid's petition failed to show that all four elements of § 25-409(A) were true, he had no right to third-party joint legal decision-making or placement. She also argued he was not entitled to third-party visitation because the

children, once adopted, were no longer considered born out of wedlock as required by § 25-409(C)(2). *See Sheets v. Mead*, 238 Ariz. 55, 58, ¶¶ 13, 16 (App. 2015) (a child adopted before a third-party visitation petition is filed is not born out of wedlock, and thus not eligible for third-party visitation).

¶6 After oral argument on the motion, the superior court dismissed the request for third-party visitation. Concerning the four elements required for third-party joint legal decision-making and placement, the court found that Mother (the children's legal parent), was not married and thus § 25-409(A)(4)(b) was satisfied. The court determined there were disputed factual issues as to the remaining elements of § 25-409(A) as well as best interests under § 25-409(B). Finding that the petition was not facially deficient, the court concluded that it must hold an evidentiary hearing.

¶7 Later, however, the court ruled that it had applied an incorrect standard in denying Mother's motion to dismiss the petition for third-party joint legal decision-making and placement. In a December 2020 order, the court explained it had applied Arizona Rule of Civil Procedure ("Rule") 12(b)(6) and had assumed it would have to permit Hustrulid to put on evidence at the hearing to prove the significant detriment element of § 25-409(A)(2). Upon further consideration, however, the court decided that under *Chapman v. Hopkins*, it could not revisit the "significant detriment" element at the upcoming evidentiary hearing, where the only issue would be whether Hustrulid overcame the "rebuttable presumption that 'awarding legal decision-making to a legal parent serves the child's best interests.'" 243 Ariz. 236, 240–41, ¶¶ 17, 20 (App. 2017) (quoting A.R.S. § 25-409(B)). The court therefore dismissed without prejudice Hustrulid's petition because it lacked sufficient factual allegations to establish the significant detriment element. Hustrulid then filed a notice of appeal.

¶8 After addressing additional matters raised by the parties, the court further explained why it changed course and dismissed Hustrulid's petition, noting an inconsistency between *Chapman* and the language in § 25-409. The court also questioned whether and how trial judges should apply the Rule 12(b)(6) standard to § 25-409(A), and what issues should be set for hearing if a petition is not summarily denied.

## DISCUSSION

### A. Appellate Jurisdiction

¶9 We have an independent duty to determine whether we have jurisdiction over this appeal. *See Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301,

304 (App. 1991). Under A.R.S. § 12-2101(A)(1), a party may appeal a "final judgment." *See also Davis*, 168 Ariz. at 304 ("The general rule is that an appeal lies only from a final judgment."). The superior court's December 2020 order summarily denied Hustrulid's petition and dismissed it *without prejudice*, which generally means it is not an appealable order. A dismissal without prejudice is not a final judgment because it does not dispose of the case on its merits or bar a litigant from re-filing. *Canyon Ambulatory Surgery Ctr. v. SCF Ariz.*, 225 Ariz. 414, 418–19, ¶ 14 (App. 2010). Here, the court found that Hustrulid's petition failed to state a claim under § 25-409(A) and did not address the merits. Because Hustrulid, at least in theory, can re-file his petition with additional facts, the dismissal order is neither final nor appealable.

**¶10**      Even so, we exercise our discretion to treat Hustrulid's appeal as a special action because, in denying the petition, the superior court made a detailed ruling explaining the legal standard on which it based its decision and suggesting that this court provide further guidance on the application of § 25-409. And Mother raised a valid legal defense to Hustrulid's petition for third-party *joint* legal decision-making and placement. Because this case presents purely legal questions affecting important rights, including the bests interests of minor children, and Hustrulid has no adequate remedy by appeal, in our discretion we accept special action jurisdiction. *See Grand v. Nacchio*, 214 Ariz. 9, 17–18, ¶¶ 20–22 (App. 2006).

### B.      Third-Party Joint Legal Decision-Making

**¶11**      Hustrulid repeats the superior court's request that we clarify the appropriate standard for addressing a motion to dismiss a petition for third-party legal decision-making under § 25-409(A). He does not, however, challenge the court's dismissal of his request for third-party visitation.

**¶12**      We review de novo the superior court's interpretation and application of § 25-409, as well as procedural rules. *Chapman*, 243 Ariz. at 240, ¶ 14. We interpret the language of a statute or rule in view of the entire text, considering the context and related provisions. *See Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019); *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7 (2007) (courts apply the same principles in interpreting statutes and rules). When the language is ambiguous, we apply secondary principles of construction, including "the effects and consequences of differing interpretations, and the spirit and purpose of the statute." *Timothy B. v. Dep't of Child Safety*, 252 Ariz. 470, 474, ¶ 16 (2022).

¶13 At the outset, we question how Hustrulid, who no longer has any rights as a parent, could properly ask the superior court to grant him any third-party rights to the children under § 25-409. *See* A.R.S. § 8-117(B) ("On entry of the decree of adoption, the relationship of parent and child between the adopted child and the persons who were the child's parents before entry of the decree of adoption is completely severed and all the legal rights, privileges, duties, obligations and other legal consequences of the relationship cease to exist, including the right of inheritance."); A.R.S. § 8-539 ("An order terminating the parent-child relationship shall divest the parent and the child of all legal rights, privileges, duties and obligations with respect to each other except the right of the child to inherit and support from the parent."). Allowing Hustrulid to petition for legal decision-making and other third-party rights seems contrary to the plain language of §§ 8-117 and 8-539. And permitting former parents to pursue recognition of third-party rights concerning their former children would likely discourage adoptive parents from allowing any type of relationship with that individual, even if it were beneficial to the children, to avoid this type of litigation.

¶14 However, nothing in the text of § 25-409 indicates that a petitioner who was a parent but whose rights were terminated is necessarily precluded from seeking court-approved rights relating to his or her former child. *See* A.R.S. § 25-409(A) ("[A] person other than a legal parent may petition the superior court for legal decision-making authority or placement of the child."); A.R.S. § 25-402(B)(2) ("[A] person other than a parent" may request legal decision-making or parenting time, by filing a petition for third party rights under § 25-409). Because Hustrulid's parental rights to the two children have been terminated, he is not their legal parent. *See* A.R.S. § 25-401(4) ("'Legal parent' means a biological or adoptive parent whose parental rights have not been terminated."). If the legislature had intended to preclude former parents like Hustrulid from being eligible to seek third-party rights under § 25-409, presumably it would have done so. Instead, the absence of such language suggests otherwise. *Compare* A.R.S. § 25-409(A) ("a *person other than a legal parent* may petition" for legal decision-making authority or placement (emphasis added)), *with* Uniform Nonparent Custody and Visitation Act § 3(d) (Unif. Law Comm'n 2021) ("An individual whose parental rights concerning a child have been terminated *may not maintain a proceeding* under this [act] concerning the child." (emphasis added)). Thus, because the statute did not preclude his ability to seek such third-party rights, we turn to the merits of Hustrulid's petition.

**¶15**        As a third party, Hustrulid sought joint legal decision-making and *placement* under § 25-409(A). "'Legal decision-making' means the legal right and responsibility to make all nonemergency legal decisions for a child including those regarding education, health care, religious training and personal care decisions." A.R.S. § 25-401(3). "Placement" is not statutorily defined, *see* § 25-401, and is referenced once in § 25-409(A) but not at all in § 25-409(B). "Visitation" refers to "a schedule of time that occurs with a child by someone other than a legal parent." A.R.S. § 25-401(7). As Hustrulid notes, the statute is "unclear how placement is decided, and [it] appears to be incomplete in this respect." Hustrulid framed his petition to have increasing contact with the children as seeking shared placement or parenting time, which appears to fall under § 25-409(C) (third-party visitation). Regardless of what the legislature intended by referencing "placement" rights in § 25-409(A), because Hustrulid does not argue that his placement request should be analyzed separately from joint legal decision-making, we need not address the issue further.

**¶16**        This court has previously held that courts cannot award joint "custody" to a legal parent and a third party. *Thomas v. Thomas*, 203 Ariz. 34, 37, ¶¶ 17–18 (App. 2002).[1] Although we interpreted an earlier version of § 25-409,[2] that version, like the current statute, included a rebuttable presumption that awarding custody to a legal parent is in the child's best interests. *Thomas*, 203 Ariz. at 37, ¶ 16. A petitioner "can rebut that presumption by showing 'clear and convincing evidence that awarding custody to a legal parent is not in the child's best interests.'" *Id.* (citation omitted). If the petitioner makes that showing, however, the result cannot be an award of *joint* custody:

> Either it is in the child's best interest for a legal parent to have custody or it is not. The court cannot reasonably find that it is in the child's best interest for a legal parent to have custody

---

[1]        The legislature changed the term "custody" to "legal decision-making and parenting time" in 2012. *Baker v. Meyer*, 237 Ariz. 112, 114, ¶ 7 n.2 (App. 2015).

[2]        *Thomas* construed A.R.S. § 25-415 (2000), which governed in loco parentis custody. 203 Ariz. at 36, ¶ 11. The statute was renumbered in 2012 as § 25-409. *See* 2012 Ariz. Sess. Laws ch. 309, §§ 20, 24. We refer solely to § 25-409 throughout this decision, noting differences in the versions when relevant.

*and* that it is also in the child's best interest for a non-legal parent to have custody.

*Id.* at ¶ 17.

**¶17**     Hustrulid argues it is not inconsistent to allege a significant detriment if the children are in Mother's *sole* care without his joint involvement.  He urges us to "overturn" *Thomas,* asserting it does not further the public policies of promoting strong families and family values as stated in A.R.S. § 25-103(A).  But those same policies were in effect when this court decided *Thomas.*  *See* 1996 Ariz. Sess. Laws ch. 192 § 23 (enacting § 25-103).  We see no reason to depart from *Thomas.*

**¶18**     Although *Thomas* interpreted the best-interests presumption in § 25-409(B), the same logic applies to the significant detriment element under § 25-409(A)(2).  *Thomas*, 203 Ariz. at 37, ¶¶ 16–18.  It is inconsistent for a third party to allege a significant detriment if the child remains with the parent while also seeking *joint* legal decision-making that would leave the child in the parent's care.  For that reason, the statutory definition contemplates that joint legal decision-making cannot be awarded to a nonparent. *See* A.R.S. § 25-401(2) ("'Joint legal decision-making' means *both parents* share decision-making and *neither parent's* rights or responsibilities are superior except with respect to specified decisions as set forth by the court or *the parents* in the final judgment or order." (emphasis added)).  As a matter of law, the superior court could not award joint legal decision-making and placement to Hustrulid, and thus the court properly dismissed his petition. *See In re Marriage of Friedman*, 244 Ariz. 111, 117, ¶ 23 (2018) (appellate courts may affirm a ruling if the superior court reached the right result).

### C.     Sua Sponte Reconsideration

**¶19**     Hustrulid further contends the superior court erred by reconsidering its initial ruling sua sponte and summarily denying his petition without notice or allowing him to amend the petition to cure the defect.  The ruling was interlocutory, however, and a court may properly reconsider an interlocutory ruling before it enters final judgment. *In re Mario L.*, 190 Ariz. 381, 384 (App. 1997).  The court did not abuse its discretion.

**¶20**     Moreover, § 25-409(A) explicitly requires the court to "summarily deny" a petition that fails to "establish" the four statutorily required elements.  Although "summarily deny" is not a defined term, we apply its ordinary meaning. *See State v. Pena*, 235 Ariz. 277, 279, ¶ 6 (2014)

(absent statutory definition, courts may look to dictionary definitions for common meaning of a term). According to Black's Law Dictionary (11th ed. 2019), "summary" means "[w]ithout the usual formalities; . . . [i]mmediate; done without delay." Thus, a court may sua sponte deny a petition brought under § 25-409 that fails to sufficiently establish the required elements without allowing amendment of the petition or requiring the legal parent to respond. In that circumstance, re-filing the petition, with new or additional facts, would not be precluded. Hustrulid has not shown the court abused its discretion.

### D.     A.R.S. § 25-409(A) and *Chapman*

**¶21**         As noted, a "court shall summarily deny" a third-party's petition for legal decision-making and placement "unless it finds that the petitioner's initial pleading establishes" that the required elements "are true." A.R.S. § 25-409(A). In *Chapman*, this court likened this pleading requirement to Rule 12(b)(6). 243 Ariz. at 242, ¶ 24. Here, the superior court questioned that analogy, reasoning that because § 25-409(A) requires a petition to "establish" that the four elements "are true," it differs from and is inconsistent with the Rule 12(b)(6) standard, under which the court will assume the truth of well-pled facts and make reasonable inferences from those facts. The court also expressed disagreement with *Chapman* to the extent it might be read to bar a court that does not summarily deny a petition from considering whether the petitioner has proved the required elements at the resulting hearing. *See Chapman*, 243 Ariz. at 240, 243, ¶¶ 16–17, 26.

**¶22**         The Arizona Rules of Family Law Procedure are generally applicable in all family law matters and the Arizona Rules of Civil Procedure do not apply except where expressly incorporated. *Kline v. Kline*, 221 Ariz. 564, 568, ¶ 13 (App. 2009). When the language of a family law rule is substantially the same as a civil rule, we may apply caselaw interpreting the civil rule. *See id.* at 568–69, ¶ 13. *Compare* Ariz. R. Fam. Law. P. 29(a)(6) ("failure to state a claim upon which relief can be granted"), *with* Ariz. R. Civ. P. 12(b)(6) ("failure to state a claim upon which relief can be granted").

**¶23**         When considering a Rule 12(b)(6) motion to dismiss, a court "must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012). Under Rule 12(b)(6), dismissal is appropriate only if the plaintiff "would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at ¶ 8 (citation and quotation omitted). When a court denies a

motion to dismiss under Rule 12(b)(6), the consequence is that the litigation proceeds to a decision on the merits of the plaintiff's claim.

¶24 As *Chapman* recognized, the issue for the court in the first instance under § 25-409(A) is whether the third party's "initial pleading" alleges facts that, if true, would "establish" the elements the petitioner ultimately must prove. *Chapman*, 243 Ariz. at 242, ¶ 21 n.2, ¶ 24. When those facts are disputed, as they often are, the "initial pleading" alone cannot prove those facts. *Id.* An evidentiary hearing is required to resolve the parties' factual disputes, which often will turn on credibility issues. But at the outset of the proceeding, to avoid summary denial, a third party's "initial pleading" need only contain well-pled factual allegations that, if proven, would establish the truth of each of the four § 25-409(A) elements. *Id*. To this end, although conclusory statements will not suffice, simply because the legal parent disputes the third party's allegations does not necessarily mean the petitioner will be unable to offer sufficient proof of the elements at the resulting evidentiary hearing. After the court hears evidence presented by the third party and the legal parent, it then must decide whether the petitioner has proved the § 25-409(A) elements.

¶25 Having reiterated this analysis from *Chapman*, we address one paragraph that, as the superior court pointed out, may be read as conflicting with our description of how § 25-409 operates. In addressing § 25-409(A)(2), the *Chapman* court stated:

> The [superior] court must consider whether significant detriment is established *only when determining whether to summarily dismiss a petition* for legal decision-making and parenting time by a non-parent or to allow it to proceed for consideration on the merits. Once the court finds that this threshold is met and allows the litigation to proceed, the petitioning party bears the burden of rebutting, by clear and convincing evidence, the presumption that awarding legal decision-making to the legal parent [is in the child's best interests].

243 Ariz. at 243, ¶ 26 (emphasis added) (citations omitted).

¶26 The superior court interpreted this passage from *Chapman* to mean that it could not revisit the "merits" of significant detriment at the evidentiary hearing. Given this court's use of the word "only" in the first sentence, it appears to conflict with the intended operation of § 25-409. When the quoted passage is read in context with the remainder of the

decision, however, we do not draw the same conclusion. The merits of a third-party's petition for legal decision-making include each of the elements in § 25-409(A) along with the requirement that the third party rebut the § 25-409(B) presumption. As the *Chapman* court later noted, the superior court in that case found that the threshold was met, and therefore "moved on to consider the petition's merits *and* determine whether [petitioners] could present clear and convincing evidence to overcome A.R.S. § 25-409(B)'s presumption." 243 Ariz. at 243, ¶ 27 (emphasis added). Thus, notwithstanding *Chapman*'s seemingly inadvertent use of the word "only" in ¶ 26, if a court does not summarily deny a third-party's petition for legal decision-making, it must hear the parties' evidence before deciding whether the petitioner has proved each of the § 25-409(A) elements along with the presumption in § 25-409(B).

¶27 This framework is analogous to the procedure for deciding whether to grant a petition to modify legal decision-making or parenting time. Under A.R.S. § 25-411(L), the superior court "shall deny the motion [to modify] unless it finds that adequate cause for hearing the motion is established by the pleadings, in which case it shall set a date for hearing on why the requested modification should not be granted." Like § 25-409(A), § 25-411(L) authorizes the court to summarily deny a motion that lacks sufficient factual allegations. The pleading requirement in § 25-411(L) is intended to "spare the parties and the child the cost, disruption, and potential trauma of a full modification hearing unless the petition and supporting documents show 'adequate cause.'" *DePasquale v. Superior Ct.*, 181 Ariz. 333, 335 (App. 1995); *see also In re Marriage of Dorman*, 198 Ariz. 298, 302, ¶ 9 (App. 2000) (procedure in § 25-411(L) is intended to prevent repetitive or insubstantial petitions to modify).

¶28 The pleading requirement in § 25-409(A) serves a similar screening function. The court first determines whether the third party's "initial pleading" contains sufficient factual allegations to establish the four statutory elements. If it satisfies that standard, then the court receives relevant evidence at a hearing where the petitioner must also rebut, by clear and convincing evidence, the presumption that awarding legal decision-making to the parent is in the child's best interests. *See* A.R.S. § 25-409(B). And as we observed in *Downs v. Scheffler*, 206 Ariz. 496, 501, ¶ 17 (App. 2003), in this type of proceeding, analysis of significant detriment and best interests will often overlap.

### E.     Attorneys' Fees and Costs

**¶29**        Each party requests attorneys' fees under A.R.S. § 25-324(A), which authorizes a court to award fees in domestic relations matters "after considering the financial resources of both parties *and* the reasonableness of the positions each party has taken throughout the proceedings." (Emphasis added.)   The parties both claim that the other has taken unreasonable positions on appeal, but neither party has provided any information about their respective financial resources or directed us to any portion of the superior court record where such information may be found. Because we are unable to comply with the statutory mandate to consider each of the two factors under § 25-324(A), we deny both fee requests.  *See Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 524, ¶ 13 (App. 2007) ("In deciding whether fees are appropriate, the court must consider the financial resources of both parties and the reasonableness of the positions taken throughout the case.").  As the successful party on appeal, *see* A.R.S. § 12-341, Mother is awarded taxable costs subject to her compliance with ARCAP 21.

## CONCLUSION

**¶30**        We affirm the superior court's dismissal of Hustrulid's third-party petition for joint legal decision-making and placement.



AMY M. WOOD • Clerk of the Court
FILED:    AA

12