NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In Re the Matter of:

TAWNYA MARLOWE, *Petitioner/Appellee*,

*v.*

DANIEL MICKELSEN, *Respondent/Appellant*.

No. 1 CA-CV 22-0093 FC
FILED 11-3-2022

Appeal from the Superior Court in Maricopa County
No. FC2017-096134
The Honorable Joshua D. Rogers, Judge

**AFFIRMED**

COUNSEL

Rubin & Ansel, PLLC, Scottsdale
By Yvette D. Ansel
*Counsel for Petitioner/Appellee*

Hoffman Legal, LLC, Phoenix
By Amy W. Hoffman
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Cynthia J. Bailey joined.

---

**G A S S**, Vice Chief Judge:

¶1        Father appeals the superior court's order denying his post-decree petition to modify legal decision-making, granting mother's petition to enforce the original dissolution decree, and awarding mother attorney fees. Because the record supports the superior court's findings, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        The 2018 dissolution decree, entered after a contested trial, awarded father and mother roughly equal parenting time with their minor children. The superior court found father engaged in significant domestic violence against mother. Because A.R.S. § 25-403.03.A prohibits awarding joint legal decision-making on a finding of significant domestic violence, the superior court awarded mother sole legal decision-making.

¶3        In January 2020, mother petitioned for enforcement and contempt, claiming father failed to comply with some of the 2018 orders, including counseling with a specific therapist.

¶4        Father subsequently applied for, and the superior court granted, a protective order against mother based on her conduct after the entry of the decree. Father's application listed instances in 2019 when mother physically pushed and verbally degraded him in front of the children and others. The application also alleged mother installed tracking applications on the children's phones in 2020. Despite efforts, father did not serve mother with the order so it never went into effect.

¶5        In May 2020, father counter-petitioned for enforcement and contempt against mother. Father alleged mother used her sole decision-making authority to interfere with his parenting time. Father also petitioned to modify legal decision-making and child support, claiming mother's inappropriate conduct in 2019 created a change in circumstances. Father did not petition to modify the parenting-time schedule.

¶6 The superior court held a consolidated hearing in October 2021. Father presented evidence and argued the change in circumstances involve events occurring after the entry of the decree, specifically mother engaged in "fits of rage" in the children's presence, tried to harm father's relationship with the children, and used sole legal decision-making to undermine father's involvement with the children.

¶7 After considering the testimony and exhibits from both parents, the superior court found no significant and continuing change in circumstances warranted modification. The superior court relied on several factual findings to support its ruling:

(1) the passage of time was insufficient to "impact or effect . . . the nature of the domestic violence which occurred here";

(2) "[f]ather did not present any evidence or make any argument in relation to the [superior c]ourt's determination that there was significant domestic violence";

(3) father's evidence of mother's interference with his parenting time "does not change the fact . . . that the statute absolutely precludes an award of joint legal decision-making if there is a finding of significant domestic violence"; and

(4) mother's "poor behavior" was not "a continuing change of circumstances" because mother's animosity existed before the decree and did not continue "in a significant manner and certainly not to the disturbing levels manifested in 2019."

¶8 The superior court granted mother's petition to enforce the decree. In doing so, it affirmed mother's sole legal decision-making authority, maintained equal parenting time, adjusted child support, and awarded mother some of the attorney fees she requested. Father timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1, -2101.A.2.

**DISCUSSION**

¶9 Father argues the superior court erred when it (1) found no changed circumstances and denied his petition to modify legal decision-making; (2) granted mother's petition to enforce the decree; and (3) awarded mother attorney fees.

¶10　　　　This court "will affirm the [superior] court's order of parenting time and legal decision-making absent an abuse of discretion." *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018). An abuse of discretion occurs when the record is "devoid of competent evidence to support the decision," or when the superior court commits an error of law in reaching a discretionary decision. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009) (citations omitted). This court accepts the superior court's factual findings unless clearly erroneous but reviews *de novo* conclusions of law. *Nia v. Nia*, 242 Ariz. 419, 422, ¶ 7 (App. 2017).

## I.　　The superior court did not abuse its discretion by finding no material change in circumstances.

¶11　　　　A petition to modify legal decision-making implicates a two-step inquiry: (1) whether a change in circumstances materially affects the child's welfare, and (2) if so, whether modification is in the child's best interests. *Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020). When addressing a petition to modify, the superior court does not address best interests unless it first finds a material change in circumstances affecting the child's welfare. *Id.* In the first step, the superior court has broad discretion to decide whether any material change—positive or negative—has occurred. *Id.* at ¶¶ 14–16.

¶12　　　　The superior court concluded father's evidence and argument regarding his significant domestic violence and mother's post-decree acts missed the mark. Notably, the superior court said "[f]ather did not present any evidence or make any argument in relation to the [superior c]ourt's determination that there was significant domestic violence." And the superior court said the evidence established mother's poor behavior existed before the decree and did not continue "in a significant manner and certainly not to the disturbing levels manifested in 2019."

¶13　　　　Reasonable evidence supports those findings and the superior court's conclusion. This court will not reweigh the evidence. *See Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004); *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015) ("[T]he [superior] court is in the best position to judge the credibility of witnesses and resolve conflicting evidence, and appellate courts generally defer to the findings of the [superior] court."). Having found no change in circumstances, the superior court correctly did not analyze any best-interests factors. *See Backstrand*, 250 Ariz. at 343, ¶ 14.

¶14         Father, nonetheless, argues the superior court should have allowed him to present evidence on the best-interests factors to rebut § 25-403.03.D's presumption against awarding him sole or joint legal decision-making, relying on *Olesen v. Daniel*, 251 Ariz. 25, 30, ¶ 23 (App. 2021).

¶15         Father misplaces his reliance on *Olesen* for two reasons. First, the petition at issue in *Olesen* was to establish third party rights, so *Backstrand*'s two-step analysis did not apply. *See* A.R.S. § 25-409. Father's petition here seeks to modify the decree's legal decision-making provisions, so it is subject to *Backstrand*'s two-step analysis. *See* 250 Ariz. at 343, ¶ 14. Second, *Olesen* involves father's request for sole legal decision-making. *See Olesen*, 251 Ariz. at 27, ¶ 6; *see also Hustrulid v. Stakebake*, ___ Ariz. ___, ____, ¶ 16, 516 P.3d 18, 24 (App. 2022) ("[C]ourts cannot award joint 'custody' to a legal parent and a third party."). Father here seeks joint legal decision-making with mother. Because § 25-403.03.A prohibits an award of joint legal decision-making (even under subsection D), the superior court's finding of no material change as to father's past significant domestic violence prohibits the very award he seeks.

¶16         On this record, we need not—and do not reach—whether the superior court could have found a material change as to the significance of father's past domestic violence such that father would be relieved of § 25-403.03.A's prohibition. *See Olesen*, 251 Ariz. at ¶¶ 19–21 (barring parent from relitigating fact of earlier domestic violence).

## II.     This court lacks appellate jurisdiction over father's challenge to the validity of the decree.

¶17         Father argues the superior court exceeded its authority in granting mother's petition to enforce the decree. Father's argument challenges the validity of the decree's orders. Because he did not appeal from the decree, he cannot challenge the validity of those orders two years later. *See* ARCAP 9(a) (appellant must file notice of appeal within 30 days of entry of judgment).

## III.    The superior court did not abuse its discretion by awarding mother attorney fees.

¶18         Father's challenge to the award of attorney fees to mother is based on his argument the decree was unenforceable and the superior court's orders were invalid. Because we affirm the superior court's orders, father has not shown any basis for reversing the award of attorney fees to mother. We, thus, affirm the fee award.

**ATTORNEY FEES**

**¶19** Mother and father request attorney fees on appeal under A.R.S. § 25-234 and ARCAP 21. This court may award attorney fees after consideration of the financial resources and the reasonableness of the parties' legal positions. A.R.S. § 25-324. After considering the relevant factors, we decline to award attorney fees to either party.

**CONCLUSION**

**¶20** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA